

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 27, 2020

Stephen Huggard
Huggard Law LLC
400 Atlantic Ave., 4th Floor
Boston, MA 02210

     Re:    <u>United States v. VJ Associates, Inc. of Suffolk</u>
            Criminal No.

Dear Mr. Huggard,

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, VJ Associates, Inc. of Suffolk ("Defendant"), agree as follows with respect to the above-referenced case:

1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to the above-referenced Information attached to this Plea Agreement charging Defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Defendant expressly and unequivocally admits that it committed that crime and did so knowingly and willfully, and is in fact guilty of that offense. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

1.    <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties on the count in the Information:

        (a)    A fine of $500,000, or twice the gross gain/loss whichever is greater, *see* 18 U.S.C. §§ 3571(c) and (d). The gross gain/loss resulting from the offense is approximately $1,289,401.86. Thus, the maximum fine is approximately $2,578,802.92;

        (b)    A term of probation of not less than one (1) and not more than five (5) years, *see* 18 U.S.C § 3561 if probation is to be imposed;

(c) A mandatory special assessment of $400, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so), *see* 18 U.S.C. § 3013(a)(2)(B);

(d) Restitution; and

(e) Forfeiture to the extent charged in the Information.

3. Fed. R. Crim. P. 11(c)(1)(C) Plea

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that it may not withdraw its plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

Defendant may seek sentencing by the Court immediately following the Rule 11 plea hearing. The parties recommend that the Court proceed to sentence Defendant immediately following the Rule 11 plea hearing or in the absence of a Presentence Report in this case. Defendant understands that the decision whether to proceed immediately with the sentencing proceeding following the plea hearing, and to do so without a Presentence Report, is exclusively that of the court.

4. Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level is 21 under the USSG as follows:

(a) The base offense level is 7 because Defendant was convicted of conspiracy to commit wire fraud which has a statutory maximum penalty of imprisonment of 20 years or more (USSG § 2B1.1(a)(1)); and

(b) Defendant's offense level is increased by 14 because the loss is more than $550,000 but not more than $1,500,000 (USSG § 2B1.1(b)(1)(H)).

In addition, the parties agree that the fine range under the USSG is $1,031,521.17 to $1,547,282.23 (USSG §§ 8C2.4 – 8C2.6) calculated as follows:

(a) The base fine is $1,500,000 (USSG § 8C2.4);

(b) The total culpability score is four (4) determined as follows: (i) the base culpability score is five (USSG § 8C2.5(a)); (ii) one point is added because the organization had ten or more employees and an individual within

2

substantial authority personnel participated in, condoned or was willfully ignorant of the offense (USSG § 8C2.5 (b)(4)); and two points are deducted because the organization fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct (USSG § 8C2.5(g)(2)); and

(c)     The mandatory minimum and maximum multipliers are 0.80-1.60 because the culpability score is 4 (USSG § 8C2.6).

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based in part, on Defendant's prompt acceptance of responsibility for the offense of conviction in this case.

The United States may, at its sole option, be released from its commitments under this Plea Agreement, including, but not limited to, its agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentence, Defendant:

(a)     Fails to admit a complete factual basis for the plea;

(b)     Fails to truthfully admit Defendant's conduct in the offense of conviction;

(c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d)     Fails to provide truthful information about Defendant's financial status;

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Plea Agreement; or

(j)     Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

3

5.    Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a)    A criminal fine in the amount $530,000, to be paid within one month after the sentencing date;

(b)    A mandatory special assessment of $400 under 18 U.S.C. § 3013; and

(c)    The restitution in this case is $1,289,401.46 (with $829,010.00 to the State of New York; $362,455.61 to the U.S. Department of Transportation; and $97,935.85 to the Commonwealth of Massachusetts).  Restitution to the U.S. Department of Transportation has been, or will be paid, in full through a civil settlement among the United States and the VJA entities, concerning *United States ex rel. Howard Ryan v. VJA Inc. of Suffolk, et al.*, 17-cv-11526-RGS (D. Mass.), which is currently under seal.  The Defendant is negotiating civil settlements to pay restitution and civil penalties to the State of New York and the Commonwealth of Massachusetts.

6.    Waiver of Right to Appeal and to Bring Other Challenge

(a)    Defendant has conferred with its attorney and understands that it has the right to challenge its conviction in the United States Court of Appeals for the First Circuit ("direct appeal").  Defendant also understands that, in some circumstances, Defendant may be able to challenge its conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241.  Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

(b)    Defendant has conferred with its attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582(c)(2) to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant.  Likewise,

4

Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c)     The U.S. Attorney agrees that he will not appeal the imposition by the Court of the sentence agreed to by the parties in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d)     Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

8.     <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9.     <u>Information for Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets

10.     <u>Civil Liability</u>

On October 27, 2020, Defendant entered into a civil settlement agreement with the U.S. Attorney concerning Defendant's civil liability for submitting false claims for payment related to the conduct described in the Information. However, by entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability not otherwise compromised in the (insert date) settlement agreements with Defendant, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charge specified in Paragraph 1 of this Plea Agreement.

12.     <u>Breach of Plea Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney

may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that its breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13.    Corporate Authorization

VJ Associates, Inc. of Suffolk's acknowledgement of this Plea Agreement and execution of this Plea Agreement is attached.

14.    Who is Bound by Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.    Modifications to the Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*        *        *

6

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have the authorized representative of VJ Associates, Inc. of Suffolk sign the Corporate Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorneys Evan Gotlob and Brian LaMacchia.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: _____

Fred Wyshak
Chief, Public Corruption Unit

By: _____

Evan J. Gotlob
Brian M. LaMacchia
Assistant U.S. Attorneys

7

CORPORATE ACKNOWLEDGMENT OF PLEA AGREEMENT

The Board of Directors ("Board") has authorized me to execute this Plea Agreement on behalf of VJ Associates, Inc. of Suffolk ("VJ Suffolk") and to take all such actions as may be necessary to effectuate this Plea Agreement. The Board had read this Plea Agreement and the Information referenced in the Plea Agreement and has discussed them fully in consultation with VJ Suffolk's counsel. The Board acknowledges that this Plea Agreement sets forth VJ Suffolk's agreement with the United States as it relates to the charges in the Information. The Board further states that no additional promises or representations have been made to the Board by any official of the United States in connection with the charge in the Information.

VJ, Associates, Inc. of Suffolk

By:  _Neha mekala_

Date:  _10/28/20_

Stephen G. Huggard
Attorney for Defendant VJ Associates, Inc.
of Suffolk

Date:  _10/28/2020_

8